UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22-CV-00057-JHM

SANDY R. THOMPSON     PLAINTIFF

v.

NATHAN JENKIN, *et al.*     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendants Kristen Dirickson and Ben Fleury [DN 18], and another Motion to Dismiss filed by Defendant Nathan Jenkin. [DN 21]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

An incident occurred on May 24, 2021, when law enforcement officers knocked on the door of a hotel room occupied by Plaintiff Thompson. [DN 1 at 4]. When Plaintiff asked who was at the door, a female voice responded by asking if Mr. Thompson was present. [*Id.*]. Plaintiff answered in the affirmative and again requested the individual identify herself. [*Id.*]. According to Thompson, she replied with only "Kristen." [*Id.*]. Since Thompson did not know anyone with that name, he asked her to look into the peep hole. [*Id.*]. Instead, she waved her hand over the peep hole and told Thompson that "Antonio[] sent her up to the room." [*Id.*]. The interaction concluded when Thompson told her "to go and get (Antonio) and come back" and then "everything went quite [sic]" [*Id.*].

After a period of time, Thompson opened the door, noticed "people in the hallway," and "heard shots fired." [*Id.*]. Thompson retreated to his room, slammed the door, and discovered that "somehow" he had been shot in the face. [*Id.* at 5]. Allegedly fearing for his life, Thompson

jumped out the window and "fled the scean [sic]." [*Id.*]. Later, Thompson learned from news coverage that "Kristen" and the "people in the hallway" were Owensboro Police Department Detectives Kristin Dirickson and Ben Fleury and Kentucky State Police Trooper Nathan Jenkin. [*Id.*].

Thompson filed his first Complaint in this action on May 2, 2022, alleging two Fourth Amendment claims under 42 U.S.C. § 1983. First, he alleges the Defendants failed to knock and announce their presence. [*Id.*]. Second, he alleges the Defendants applied excessive force against him. [*Id.* at 6]. For these claims, Thompson seeks compensatory damages for physical and emotional pain. [*Id.* at 6–7]. The first Complaint was made on a Court provided form designed to be used by *pro se* prisoners making § 1983 claims. In filling out the form, Plaintiff marked the appropriate spots to indicate that he was suing Defendant Jenkin in both his individual and official capacity. Similarly, he sued Defendant Dirickson in her individual and official capacity. However, Plaintiff left the form blank, and thus, did not indicate in what capacity Defendant Fleury was sued. [*Id.* at 2]. On May 11, 2022, after its initial review, the Court dismissed the official capacity claims but allowed the individual capacity claims to proceed. *See* [DN 6].

Meanwhile, on May 20, 2022, presumably because he wished to resurrect his official capacity claims, Plaintiff Thompson filed a separate action in this court (Case No. 4:22-cv-00062-JHM) asserting, under the exact same facts as alleged here, official capacity claims against the three officers and adding as Defendants, the City of Owensboro and the State of Kentucky. No individual capacity claims were asserted in the second action. Upon review, the Court entered an Order which consolidated the second case with this case, and the Court required the Clerk of Court to docket the complaint in the second case as an "Amended Complaint" in this case. After the "Amended Complaint" was docketed herein and reviewed, the Court entered an Order which

dismissed the official capacity claims against the City of Owensboro and the State of Kentucky. [DN 16].

The motion to dismiss filed by Defendants Dirickson and Fleury raises two arguments. First, it is argued that the "Amended Complaint" superseded the first Complaint filed herein and thus, there are no longer individual capacity claims asserted against them. Secondly, they assert the "Amended Complaint" should be dismissed against them because they have not been served with a summons for the Amended Complaint.

The motion to dismiss filed by Defendant Jenkin maintains Plaintiff did not adequately allege Fourth Amendment claims for excessive force or a knock and announce violation. *See* [DN 21].

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to

infer more than the mere possibility of misconduct," *id.* at 679. Instead, the allegations must "show[] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Further, "[t]he standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

### III. DISCUSSION

**A. Defendant Dirickson and Fleury's Motion to Dismiss.**

The Court rejects the arguments Defendants Dirickson and Fleury make in support of their motion to dismiss. The Plaintiff, in a mis-guided attempt to resurrect his official capacity claims, filed the allegations in a separate suit, not as an Amended Complaint which he intended to supersede the individual capacity claims he had initially made here. The allegations were labeled an "Amended Complaint" and docketed in this case at the Court's direction, not Plaintiff's. Since the official capacity claims in the "Amended Complaint' have been dismissed, the fact that Defendants Dirickson and Fleury have not been served with a summons is of no import.

The initial Complaint in this case clearly asserts individual capacity claims against Defendant Dirickson and Jenkin. And even though Plaintiff failed to mark the form to indicate in which capacity he was suing Defendant Fleury, the course of proceedings indicates Fleury had sufficient notice that he was being sued as an individual just like his co-Defendants. Furthermore, when Plaintiff filed his separate action to re-assert his official capacity claims, he indicated that individual capacity claims were still pending in this action against the officers. *See Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001).

**B. Defendant Jenkin's Motion to Dismiss**

*1. Knock and Announce Violation*

Within the Sixth Circuit, "[o]fficers must take two steps to satisfy the knock-and-announce rule." *James v. City of Detroit, Michigan*, No. 20-1805, 2021 WL 5463778, at *5 (6th Cir. Nov. 23, 2021). "First, police officers must announce their presence and authority before entering a residence to execute a warrant, absent exigent circumstances. Second, after announcement, officers are required to wait a 'reasonable period of time' before forcing entry." *Id.*

In the First Complaint, Thompson alleges that the individuals—who he later discovered were officers—knocked on his door, briefly interacted with Thompson through the door, but did not enter his hotel room. [DN 1 at 4, DN 12 at 5-6]. According to Thompson, the Defendants never identified themselves as law enforcement officers. [*Id.*]. Based on these factual allegations, Thompson has plausibly alleged that the Defendants knocked but did not announce their presence.

Nevertheless, Thompson fails to state a pivotal component of a knock and announce violation: the officers' entry. In his pleadings, Thompson states: "After a period of time, I plaintiff opened the door . . . ." [DN 12 at 6]; *see also* [DN 1 at 4]. Thompson never alleges any of the Defendants either opened his door or entered his hotel room. And, since they never entered the room, they never violated the knock and announce rule. The Court **GRANTS** Defendant Jenkin's Motion to Dismiss on this claim. Although Defendants Dirickson and Fleury did not make this argument, the claim of a knock and announce violation fails against them for the same reasons.

### 2. Excessive Force Violation

Assuming all of Thompson's factual allegations are true, as Rule 12(b)(6) requires, he has sufficiently alleged an excessive force claim under the Fourth Amendment. The Fourth Amendment establishes the right to be free from excessive force. *Thornton v. City of Columbus*, 727 F. App'x 829, 836 (6th Cir. 2018). For an excessive force claim, "[a] plaintiff who claims that a defendant used excessive force must show that the officer '(1) actively participated in the

use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'" *Fazica v. Jordan*, 926 F.3d 283, 289 (6th Cir. 2019) (quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)). "An officer's use of force is excessive if, under the totality of the circumstances, the force was objectively unreasonable." *Moore v. City of Memphis*, 853 F.3d 866, 870 (6th Cir. 2017).

In his Complaint, Thompson states he "was shot in [his] face or hit somehow." [DN 1 at 5]. Elsewhere, he alleges that an "officer[] or officers opened fire on" him, causing severe injuries to the face. [DN 1 at 6]. On that same page, he asserts that "as a result of these action(s) by Detective(s) Kristen Dirickson, Ben Flurry … and Det. Nathan Jenkins," he had to undergo intensive medical treatment. [*Id.*]. Thompson also asserts he "was shot in the face or hit in the face with metallic foreign body bullet fragments." [DN 1 at 6].

Piecing these allegations together, the Court finds that Thompson did allege that Detectives Dirickson, Fleury, and/or Jenkin shot him in the face. In rebuttal, Defendant Jenkin argues that Thompson did not allege that he saw any of the Defendants at the scene—he only learned of their presence from an unidentified news source days later. This fact is irrelevant so long as Thompson has alleged the necessary facts to support an excessive force claim.

Furthermore, Defendant Jenkin cites the Sixth Circuit's language in *Ghandi v. Police Dep't of City of Detroit* for the proposition that "mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability." 747 F.2d 338, 352 (6th Cir. 1984). He quotes the Sixth Circuit adding, "an officer's individual liability under § 1983 must be assessed based on his or her own actions." *Davis v. Butler Cnty., Ohio*, 658 F. App'x 208, 214 (6th Cir. 2016) (citing *Binay v. Bittendorf*, 601 F.3d 640 (6th Cir. 2010)). While correct, these cases dealt with a motion for summary judgment, not a motion to dismiss as here.

At the motion for summary judgment stage, Thompson will be required to support his allegations with evidence. At the motion to dismiss stage, however, Thompson need only sufficiently allege those facts. Since he has done so, the Court **DENIES** Defendant Jenkin's Motion to Dismiss Thompson's excessive force claim.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Dirickson and Fleury's Motion to Dismiss [DN 18] is **DENIED**. Defendant Jenkin's Motion to Dismiss [DN 21] is **GRANTED in part and DENIED in part**. Plaintiff's Knock and Announce Claim against all the Defendants is dismissed. The excessive force claims against the Defendants in their individual capacities remain.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 25, 2022

cc: Sandy R. Thompson, *pro se*
     Counsel of Record