UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**SANDY R. THOMPSON**                                                                                  **PLAINTIFF**

v.                                                           **CIVIL ACTION NO. 4:22-CV-P57-JHM**

**NATHAN JENKINS et al.**                                                           **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the motion to dismiss filed by Defendants Kristen Dirickson and Ben Fleury[1] (DN 59) and Plaintiff's motion for summary judgment (DN 61). The Court will lift the stay in this case, grant the motion to dismiss, and deny Plaintiff's summary-judgment motion for the reasons set forth below.

### A. Defendants' Motion to Dismiss

In accordance with *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Court stayed this matter pending resolution of *Commonwealth v. Thompson*, Daviess Circuit Court Case No. 21-CR-00579, Plaintiff's then-pending state-court criminal case, which concerned two charges of wanton endangerment in the first degree of a police officer and a charge of being a convicted felon in possession of a handgun in connection with events on May 24, 2021.[2] *See* DN 32, PageID #: 173; DN 32-5.

Only Plaintiff's excessive force claims against Defendants Dirickson, Fleury, and Nathan Jenkins for having been shot or hit with bullet fragments on May 24, 2021, remain in this case. DN 30, PageID #: 170. Defendants' motion to dismiss argues that because Plaintiff has now

---

[1] Plaintiff's complaint spells this Defendant's surname as "Flurry."

[2] In *Wallace*, the Supreme Court stated, "If a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. at 393-94.

pleaded guilty to two counts of wanton endangerment in the first degree of a police officer and possession of a handgun by a convicted felon, his excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). DN 59, PageID #: 296. As the *Wallace* Court explained, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

> Kentucky defines wanton endangerment in the first degree as follows:
>
> (1) A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he or she wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person.
>
> (2) Wanton endangerment in the first degree is a Class D felony, unless the person discharges a firearm in the commission of the offense, in which case it is a Class C felony.

Ky. Rev. Stat. § 508.060.

Defendants' motion to dismiss includes a recitation of events on May 24, 2021. They state that on that date, the Kentucky State Police and the Owensboro Police Department were looking for Plaintiff who was suspected of committing crimes. Defendants Dirickson, Fleury, and Nathan Jenkins located him in an Owensboro motel. DN 59, PageID #: 296. When Defendant Dirickson knocked on the door, Plaintiff opened it and pointed a handgun in the officers' direction. *Id*. In response, Defendant Jenkins discharged his weapon in the direction of Plaintiff's handgun. *Id*. Plaintiff then closed the door and escaped through a window of his room. *Id*. at PageID #: 297. He subsequently was apprehended, arrested, and charged with several felonies, including wanton endangerment of police officers, first degree under Ky. Rev. Stat. § 508.060. *Id*. Defendants

attach a copy of the June 28, 2024, Judgment and Sentence on Plea of Guilty in Daviess Circuit Court, No. 21-CR-00579 (DN 59-1).[3]

Plaintiff's response to the motion to dismiss (DN 60) argues that his attorney did not correctly explain to him the charges he pleaded guilty to and that he has filed a Criminal Rule (RCr) 11.42 motion based on ineffective assistance of counsel. However, according to the state-courts' website, KYcourts.net, Plaintiff's RCr 11.42 motion was denied on August 9, 2024, and he has not appealed either his guilty-plea convictions or the denial of his RCr 11.42 motion. *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=030&court=1&division=CI&caseNumber=21-CR-00579 (last visited Oct. 16, 2024).

Plaintiff further argues in his response that the statutes "that are being used in support of the motion [are] not related to my case." DN 60, PageID #: 305. He offers no explanation why Ky. Rev. Stat. § 508.060 does not apply to his case when he clearly pleaded guilty to two counts under that statute. *Id*.

According to Plaintiff's amended complaint (DN 12), on May 24, 2021, he heard a knock on his hotel door. DN 12, PageID #: 69. He asked who it was, and a female asked if he was there. *Id*. He replied in the affirmative and asked, "Who are you?" She said, "Kristen" and that "Antonio Pendleton sent her up to the room." *Id*. Plaintiff asked her to look in the peephole, and then he asked her to get Antonio and bring him "up." *Id*. After a period of time, he opened the door "and all I heard was gunshots being fired." *Id*. at PageID #: 70. He backed up, noticed that he had been shot, jumped out of the window, and fled. *Id*.

---

[3] The Court may consider the state-court judgment, a public record, attached to the motion to dismiss without converting the motion to one for summary judgment. *See, e.g.*, *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

The parties agree that Plaintiff opened the door, an officer discharged his weapon, and Plaintiff closed the door and fled through the window.  Neither side has presented evidence respecting whether Plaintiff did or did not have a gun in his hand at the time he opened the door.  However,  according to the Kentucky Supreme Court, "One cannot be guilty of first-degree wanton endangerment if his conduct does not, in part, create a substantial danger of death or serious physical injury to another person."  *Johnson v. Commonwealth*, 680 S.W.3d 814, 822 (Ky. 2023) (emphasis and internal quotation marks omitted).  Thus, by pleading guilty to first-degree wanton endangerment of police officers, Plaintiff has admitted to conduct for which the officers were entitled to protect themselves, including the use of deadly force:  "The Sixth Circuit recognizes that, under Kentucky law, conduct that satisfies the elements of wanton endangerment would authorize the use of deadly force at the time of the crime."  *Hart by & through Dillon v. Lawson*, No. 6:20-CV-147, 2024 WL 251147, at *10 (E.D. Ky. Jan. 23, 2024); *Phillips v. Curtis*, 765 F. App'x 130, 132 (6th Cir. 2019) ("For placing [a police officer] in substantial danger of serious death or injury would mean that, at that moment, [the officer] could use deadly force.") (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).

And it is clear that the use of deadly force, *i.e.*, shooting in Plaintiff's direction, occurred immediately after he opened the door.  Thus, this case is distinguishable from *Phillips*, in which the Sixth Circuit reversed the district court's grant of the defendants' motion to dismiss as premature and remanded for further factual development.  In that case, Phillips "drove toward Curtis and two other officers, placing them in 'substantial danger of death or serious physical injury[,]' [a]nd [she] pleaded guilty to wantonly endangering Curtis."  *Phillips*, 765 F. App'x at 131.  The issue in *Phillips* was the timing of Curtis's use of force --  shooting her in the back

4

through her rear window as "[h]er vehicle moved forward slowly, with several officers to the side and rear." *Id*.

"Phillips's conviction [of wanton endangerment of a police officer] determined conclusively that she had placed [the police officer's life] at some point in 'substantial danger of death or serious physical injury,'" but a question remained as whether there was a "material gap" in time between when she endangered Curtis and when he opened in fire. *Id*. Here, however, Plaintiff's wanton endangerment took place when he opened the door, and as his own recitation of events makes clear, that is when Plaintiff was shot or hit with bullet fragments. Thus, a finding that Defendants used excessive force would impugn Plaintiff's guilty pleas, and *Heck* bars Plaintiff's excessive-force claim. The Court will grant the motion to dismiss for that reason.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment (DN 61). It consists of one sentence asking the Court to grant his "motion to proceed with summary judgment to prove all allegations on behalf of plaintiff" (cleaned up). Defendant Jenkins responded (DN 62), arguing that because the matter is stayed, a summary-judgment motion is premature. DN 62, PageID #: 310. Defendant Jenkins also objects because Plaintiff's motion does not comport with Rule 56, the summary-judgment rule. *Id*.

Defendants Dirickson and Fleury also oppose the motion because their motion to dismiss is pending and arguing that Plaintiff has not shown any reason that it should not be granted (DN 63). They echo that Plaintiff's motion does not comport with Rule 56. DN 63, PageID #: 313.

Because Plaintiff has not filed a proper summary-judgment motion in compliance with Rule 56 of the Federal Rules of Civil Procedure, the Court will deny it without prejudice.

5

Accordingly,

**IT IS ORDERED** that the stay (DN 43) is **LIFTED**.

The Clerk of Court is **DIRECTED** to return this case to the Court's active docket and to correct the name of Defendant "Ben Flurry" to "Ben Fleury" in the docket of this case.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Dirickson and Fleury (DN 59) is **GRANTED** and Plaintiff's motion for summary judgment (DN 61) is **DENIED**.

Additionally, although Defendant Jenkins, who Plaintiff alleged was one of the officers outside his door (DN 12, PageID #: 71), did not join the motion to dismiss, the *Heck* bar applies equally to Plaintiff's claim against Defendant Jenkins. Accordingly, by separate Order the Court will dismiss this action as barred by *Heck*.

Date: October 22, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.009